NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0223n.06

Case No. 08-2340

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Apr 09, 2010**

LEONARD GREEN, Clerk

P & M SERVICES, INC.,

    Plaintiff-Appellant,

    v.

MARTIN GUBB,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE:  BATCHELDER, Chief Judge; GIBBONS, Circuit Judge; MALONEY[*], Chief
District Judge.

ALICE M. BATCHELDER, Chief Judge.  Plaintiff-Appellant P&M Services ("P&M")

and Defendant-Appellee Martin Gubb ("Gubb") are participants in a competitive industry that

salvages damaged rolls of paper for resale by resizing them by cutting off the damaged ends.  The

two parties have a long history of litigation concerning P&M's "Papersizer" machine and Gubb's

"Precision Paper Saw."  In their most recent litigation, P&M sued Gubb on July 7, 2007, claiming

that he had violated the Sherman Act, engaged in unfair competition, and attempted to monopolize

the relevant market by fraudulently obtaining the patent for the Precision Paper Saw and engaging

in sham litigation based on it.  The district court granted summary judgment to Gubb, holding that

---

[*]The Honorable Paul L. Maloney, United States Chief District Judge for the Western District of Michigan,
sitting by designation.

while P&M's claims are not barred by res judicata, as Gubb had claimed in his motion for summary judgment, the claims are barred by the statute of limitations. In this appeal, P&M argues only that the district court erred in holding that its antitrust claims are barred by the statute of limitations, and that Gubb should be equitably estopped from raising a statute of limitations defense.

After carefully reviewing the record, the applicable law, the parties' briefs and counsels' arguments, we are convinced that the district court did not err in its conclusions. Because the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose. We note in passing that P&M's claim here that Gubb should be equitably estopped from raising the statute of limitations defense is somewhat different from the claim P&M raised before the district court, namely, that Gubb was judicially estopped from raising the res judicata defense. Regardless, the district court's reasoning in finding no merit to the claim before it applies as well to the estoppel claim raised on appeal.

Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.